

*COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS*

DEPARTMENT OF CORRECTIONS

Vicente Taman Seman Building
P.O. Box 506506, Saipan, MP 96950
Telephone: (670) 664-9061 Facsimile: (670) 664-9515

| Part | Section | Subject | Policy No. | Review Date |
|---|---|---|---|---|
| Administration and Management | General Administration | Court Testimony | 1.1.10 | |
| **ACA Standard** | 3-ALDF-1A-14 Standard Operating Procedures ||||
| **Consent Decree** | Paragraph 54 Develop Facility Policies and Procedures ||||

## I. PURPOSE

To establish guidelines for correction officers when testify in court.

## II. POLICY

Corrections officers are law enforcement officials and as a law enforcement official, one of their duties is to testify in court on the role he/she played or as a witness to an incident while working as a corrections officer. Therefore, it is the policy of the Department of Corrections that when officers are subpoenaed to court to testify on official matters regarding their official duties and responsibilities, the officers subpoenaed must comply with the subpoena.

## III. DEFINITIONS

1. **Cross Examination:** The examination of a witness by a party other than the direct examiner upon a matter that is within the scope of the direct examination of the witness.

2. **Defense Attorney:** Lawyer who files appearance in behalf of defendant and represents such in civil or criminal case.

3. **Defendant:** The party against whom relief or recovery is sought in an action or suit or the accused in a criminal case.

4. **Deposition:** A pretrial discovery device by which one party (through his or her attorney) asks oral questions of the other party or of a witness for the other party. The deposition is conducted under oath and a transcript-word for word account- is made of the deposition.

5. **Direct Examination:** The examination of a witness, on the merits, by the party on whose behalf he is called.

6. **Oath:** A form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully.

7. **Objection:** Used to call the court's attention to improper evidence or procedure.

8. **Overrule:** To refuse to sustain, or recognize as sufficient, an objection made in the course of a trial, as to the introduction of particular evidence, etc.

9. **Plaintiff:** The party who complains or sues in a civil action and is so named on the record.

10. **Prosecuting Attorney:** The name of the public officer to conduct criminal prosecution on behalf of the state or people.

11. **Sidebar:** Refers to position at side of the judge's bench where trial counsel and judge discuss matters out of hearing of jury.

12. **Subpoena:** Is a command to appear at a certain time and place to give testimony upon a certain matter.

13. **Sustain:** To grant, as when a judge sustains an objection to testimony or evidence, he or she agrees with the objection and gives it effect.

14. **Subpoena Duces Tecum:** A court process, initiated by party in litigation, compelling production of certain specific documents and other items, material and relevant to facts in issue in a pending judicial proceeding, which documents and items are in custody and control of person or body served with process.

15. **Witness:** One who testifies to what he has seen, heard, or otherwise observed.

## IV. PROCEDURAL GUIDELINES

Our American system of justice requires trials to decide the rights of people, and trials require witnesses. As a corrections officer, your duties and responsibilities requires that you provide services to inmates while incarcerated such as providing escort to court and hospital, searching and apprehending an escape prisoner, and breaking up fights among inmates. When an incident occurs with respect to your duties and responsibilities, there is the possibility that criminal and/or civil charges may be filed. Consequently, the officers involved in the incident will be called to testify in court as to their role and/or observations during the incident.

Employees shall not use their position with the department as a means of forcing or intimidating persons with whom they are engaged in civil or criminal matters to settle in favor of the departmental employee.

### A. Receiving a Subpoena

Once you are served with a subpoena, you are obligated to appear at the place and time stated on the subpoena. Failure to appear may be understood as contempt of court by the judge, and may result in your arrest. When you received a subpoena, inform your Commander and the Director of Corrections regarding the subpoena. A subpoena issued by the prosecuting attorney relating to the officer's duties and responsibilities is an official duty assignment. If the subpoena is other than from the prosecuting attorney, you should advise the prosecuting

attorney's Office prior to the trial and/or deposition. The prosecuting attorney can answer the questions you may have regarding the subpoena. When you cannot appear as directed, you should inform the party that issued the subpoena as soon as possible.

### B. Before the Trial

Successful testimony in court depends on your experience and diligent preparation. Before the trial, you should be familiar with all reports prepared by you and all statements or depositions given by you. You should review and familiarize all personal notes you have written regarding the incident. The testimony you will give will be based on the reports, statements and notes you made of the incident. Any change in testimony at trial may result in impeachment by the defense counsel. Your credibility as a witness may be in doubt with the jury and/or judge.

If you are called as a witness in a case, the lawyers calling you may want to discuss the case with you beforehand. There is nothing improper in this. It is the lawyer's job to find out in advance what you know about the case. If you do not wish to discuss the case beforehand with the attorney, you are not obliged to do so. On the other hand, you are required to give deposition before trial if subpoenaed.

You should bring all your notes, reports and statements you made of the incident to court in case you need to refresh your memory. If you are issued a Subpoena Duces Tecum, you should bring with you to court all documents and/or materials requested on the subpoena.

Prior to testifying, it is common procedure for the trial court to exclude all witnesses from the courtroom while others are testifying. This is to insure that the testimony of one witness does not influence the testimony of another. Do not discuss the testimony of witnesses who have already testified. Once you have testified, you are free to leave the courtroom or remain in the audience unless otherwise ordered by the Judge or requested by the Prosecutor.

If you have not had previous courtroom experience, make it a point to visit the court and listen to others testify. This is the best way to understand and familiarize yourself with what you will face as a witness.

**ALL ELECTRONIC DEVICES WILL BE TURNED OFF PRIOR TO ENTERING THE COURTROOM. ELECTRONIC DEVICES INCLUDE PORTABLE RADIO, PAGER AND CELLULAR TELEPHONE. IF AN OFFICER IS NOT TESTIFYING, PAGER AND CELLULAR TELEPHONE MAY BE PUT ON VIBRA.**

### C. Appearance

A neat and clean appearance is very important for court. If you are to testify for the prosecuting attorney, your uniform (without sidearm) will help enhance your credibility. If you are testifying for someone else, dress comfortable, yet appropriately for court. Avoid flashy colors.

While at the court waiting to testify, you should behave professionally. Avoid distracting mannerisms such as chewing gum, chewing betelnut and/or smoking cigarettes. If you are to chew betelnut or smoke cigarette, go to the designated area.

Remember that jurors who are, or will be sitting on the case in which you are a witness may be present in the same public areas as you. For that reason, you should not discuss the case with anyone. Remember also, that jurors may have the opportunity to observe how you act outside of the courtroom. If you see a juror, you are not allowed to speak to the juror, even to say hello.

### D. How are Witnesses Questioned?

The basic purpose of a criminal and/or civil trial is to determine the truth. In arriving at the truth at trial, the lawyer for the plaintiff and the lawyer for the defendant will question all the witnesses presented. The lawyer or party that calls you to testify will ask you questions designed to bring out the facts you know (direct examination). After this is complete, the lawyer for the opposing side will be given the opportunity to ask questions about the same information (cross examination). The questions by both lawyers are to bring out the truth about the facts the witness know. The judge can question the witness also.

Don't be afraid of cross-examination. You may think the opposing lawyer is trying to pin you down to too much detail, but the opposition has the right to test your recollection to find out how your memory of facts compares with the memories of others.

Keep in mind that it is natural for several persons to see and remember an event somewhat differently. Your memory may be clear on certain facts and dim on others. Your job as a witness is to testify from your own memory as accurately as possible.

### E. The following are tips for testifying in court:

- When you are called to testify, you will first be sworn-in. When you take the oath, pay attention to the clerk, and say in a loud and clear voice "I do."

- Once you are seated, sit up straight and look at the questioning attorney. Use good posture, do not slouch. Keep your hands on your lap. Keep them away from your mouth. Be attentive. You must be alert when you are in the witness chair so that you can hear, understand, and give an intelligent answer to every question. If the judge or jury gets the impression you are indifferent, they may not believe your story.

- **Be Truthful.** You are sworn under oath when you testify in court or on deposition to **TELL THE TRUTH.** Testifying falsely under oath can subject you to criminal penalties for perjury. Every true fact should be readily admitted. Do not stop to figure out whether your answer will help or hurt either side. As a witness you are expected to be an impartial spokesperson for the facts, as you know them. Sometimes being truthful will require you to say, "I don't know" or "I don't remember". Your truthfulness will help the judge or jury reach the right decision.

- **Never Lose Your Temper.** Always be polite and courteous. An angry or impolite witness will probably not be believed. If you are to speak to the judge, address the judge

4

"your honor." If you are to mention a fellow officer's name, address him/her by rank and last name. If it's the defendant, prosecutor and/or defense attorney, address him/her as "Mr. Smith or Ms./Mrs. Smith." Avoid being combative. Let the lawyers get as nasty as they want. Stay calm and answer the questions as best as you can.

- **Listen carefully to the question.** Make sure you understand the question before you answer. Have it repeated if necessary. Think before you speak. Thoughtless answers may be incorrect and may cause problems. This is particularly true when the opposing lawyer is cross-examining. The cross-examiner may ask you leading questions – questions that suggest only one answer. Answer the questions directly. Do not volunteer information. If the question requires a yes or no answer, simply say yes sir/ma'am or no sir/ma'am. Uncertainty or looking at your lawyer could give the impression that you are holding something back. Answer the questions accurately as you can. If you don't know the answer or cannot remember, say so. If you make a mistake, admit it. Don't try to cover it up. Nobody is going to hold it against you that you make a mistake, but they will certainly hold it against you if they think you're lying.

- **Speak Clearly.** Nothing is more annoying to a court, jury and lawyers than a witness who refuses to speak clearly enough to be heard. An inaudible voice not only detracts from the value of your testimony, but it also tends to make the court and jury thinks that you are not certain of what you are saying. The court stenographer or audiotape must hear your testimony for recording purposes. Do not shake your head "yes" or "no" since all testimony is recorded.

- **Stick to the Facts.** Don't guess or speculate. The only thing you will be permitted to testify to is what you know personally. Your opinion is not important. If the attorney asked for your opinion, give him/her your opinion. Other than that, stick to the facts. Avoid saying, "I think, I believe, They said." You should not say what somebody else saw or heard unless you are asked. Witnesses are prevented from relating second hand information. Do not allow the attorney to put words in your mouth. Do not make up an answer. Sometimes, witnesses give inconsistent testimony- something they said before doesn't agree with something they said later. If this happens to you, don't get frustrated. Just explain honestly why you were mistaken. The jury, like the rest of us, understands that people make honest mistakes.

- **Be helpful, not funny.** Be serious, avoid joking or wisecracks. A trial is an important matter to the parties involved. Their money, property, or freedom may be at risked by your testimony.

- **Be yourself.** The most effective witness is one who can tell their story comfortably. Just tell the truth and be yourself. Everything else will take care of itself. Do not use police or correction lingo for the sake of impressing the jury. It will have the opposite effect.

- **Objection.** From time to time, the attorneys in a case may object to a particular questions asked of you. If the judge overrules the objection, you may answer the question. If the judge sustains the objection, you will not be permitted to answer. When an objection is made to a question, wait for the judge's ruling before answering the questions. During a deposition, which is taken without a judge being present, you will

5

often be permitted to answer the question after an objection is made for the record by one of the attorneys. Stay out of debates with the judge and the attorneys.

- **Self-incrimination.** If you feel that the answer to any particular questions might tend to incriminate you (connect you with the commission of a crime), then you have a constitutional right to refuse to answer the question. If you are in doubt about the incriminating possibility of your answer, you have the right to consult with your own attorney.

- **Never memorize your testimony.** Know your facts, but don't try to say things word for word. You will look rehearsed during your testimony and then will not be able to handle cross-examination, where the questions are out of sequence.

- **After testifying.** You should not tell other witnesses what was said during your testimony until after the case is completed. Do not ask other witnesses about their testimony and do not volunteer information about your own. Once you have been formally excused as a witness, you are free to go.

Prepared By: _____          10-25-07
John M. Aguyo                                  Date
Deputy Director of Corrections

Reviewed By: _____          10/25/A
Gregory F. Castro                              Date
Director of Corrections

Approved By: _____          10/25/07
Lino S. Tenorio                                Date
Commissioner of Corrections