

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**DEPARTMENT OF CORRECTIONS**
Vicente Taman Seman Building
P.O. Box 506506, Saipan, MP 96950
Telephone: (670) 664-9061 Facsimile: (670) 664-9515

| Part | Section | Subject | Policy No. | Review Date |
|---|---|---|---|---|
| Administration and Management | Personnel | Harassment | 1.3.10 | |
| **ACA Standard** | 3-ALDF-1C-07 Equal Employment Opportunity | | | |
| **Consent Decree** | Paragraph 54, develop facility policies and procedures | | | |

I. **PURPOSE**

To define and provide examples of sexual harassment, outline prohibited behavior, and describe reporting and investigative procedures.

II. **POLICY**

It is the policy of the Department of Corrections to provide a professional, business-like work environment free from any form of employee discrimination including incidents of sexual harassment. Any form of harassment is misconduct and the Department has zero tolerance for any form of harassment.

It is the policy of the government that there shall be no discrimination based on such factors as race, creed, color, ancestry, membership in a labor organization, political affiliation, place of origin, physical handicap, sex, religion, age and similar matters not related to merit and fitness.

III. **DEFINITIONS**

**Commission** – Civil Service Commission

**Employee** – An individual employed by the Department of Corrections

**Equal Employment Opportunity Commission (EEOC)** – Created by Title VII of the Civil Rights Act of 1964

**Hostile Environment Harassment:** Sexual comments or conduct that have the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

1

**Quid pro quo harassment:** This form of harassment occurs when an employee is being pressured to engage in sexual conduct or else lose a tangible job benefit. (Quid pro quo means "something for something.") This form of harassment usually occurs between a supervisor and a subordinate where the harasser has power to control the employee's work benefits or conditions. Note that this form of harassment is not limited to express demands for sexual favors, but may be implied by circumstances (e.g., offering an employee sexually explicit magazines).

**Sexual Harassment:** Sexual harassment is a form of sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Sexual harassment is an unwelcome sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature constitutes sexual harassment when submission to or rejection of this conduct explicitly or implicitly affects an individual's employment, unreasonably interferes with an individual's work performance or creates an intimidating, hostile or offensive work environment. Sexual harassment can occur in a variety of circumstances, including but not limited to the following:

- The victim as well as the harasser may be a woman or a man. The victim does not have to be of the opposite sex.

- The harasser can be the victim's supervisor, an agent of the employee's supervisor in another area, a co-worker, or a non-employee.

- The victim does not have to be the person harassed but could be anyone affected by the offensive conduct.

- Unlawful sexual harassment may occur without economic injury to or discharge of the victim.

- The harasser's conduct must be unwelcome.

- Submission to such conduct is made either, explicitly or implicitly a term or condition of an individual's employment, or

- Submission or rejection of such conduct by an individual is used as a basis for employment decision affecting such individual.

**Harassment Resulting in a Tangible Employment Action:** Tangible job benefits are granted or denied based on the submission to or rejection of unwelcome sexual conduct.

IV.    **PROCEDURAL GUIDELINES**

**A. Prohibited Conducts**

1. Pornographic or suggestive photographs, illustrations, or cartoons shall not be posted or kept in any work area. Materials of this kind used for investigative purposes shall be properly secured according to evidentiary standards.

2

2. Department members shall not verbally or otherwise abuse or harass other department members, inmates or citizens.

3. Verbal harassment or abuse.

4. Indirect or direct pressure for sexual favor or activity.

5. Sexual flirtation, touching, advances or propositions.

6. Sexually degrading words used to describe an individual.

7. Demands for sexual favors accompanied by an implied or overt threat or preferential promise concerning an individual's employment status.

8. Unsolicited off-duty telephone calls and contact.

9. Anonymous notes or drawings placed on or in desks, bulletin boards, or in lockers.

10. Deliberately singling out women in front of men co-workers (or vice versa) and subjecting them to demeaning or derogatory remarks.

11. Employees shall avoid physical contact with one another unless required by a training situation or police procedure. Kissing, back rubbing, embracing, and other unnecessary touching are prohibited on department premises.

12. Reading or otherwise publicizing in the work environment materials that are in any way sexually revealing, sexually suggestive, sexually demeaning, or pornographic.

13. Epithets, slurs, negative stereotyping, or threatening, intimidating, or hostile acts that relate to race, color, religion, gender, national origin, age, marital status, disability, sexual orientation, or status as a member in any other group protected by state law

14. The above is not to be construed as an all-inclusive list of prohibited acts under this policy.

B. **Employee's Responsibilities**

1. Each employee of the Department is responsible for assisting with the prevention of any form of harassment.

2. Refraining from participation in, or encouragement of, actions that could be perceived as harassment.

3. Reporting acts of harassment to a supervisor.

4. Encouraging any employee, who confides that he/she is being harassed, to report the incident(s) to a supervisor.

5. Failure to take action to stop a known act of harassment shall be grounds for discipline.

6. No employer shall commit an act of retaliation as defined herein, against any employee.

7. Employees encountering acts of harassment should tell the person committing the acts that his or her actions are unwelcome and offensive. The employee shall document all incidents of sexual harassment in order to provide the fullest basis for investigation.

8. Employees may by-pass the chain of command in reporting harassment complaint if the harasser is the supervisor.

9. Employees of the Department shall not harass inmates and/or detainees.

C. **Supervisor's Responsibilities**

1. Supervisors are responsible for preventing acts of sexual harassment. Failure to do so shall be grounds for disciplinary action.

2. Supervisors shall order employees or others on department premises that are making sexually hostile comments, put-downs, or degrading remarks about other persons of the same or opposite sex to cease or face discipline or removal from premises.

3. If a supervisor learns of an incident of harassment, he or she shall investigate the matter even if the victim did not submit a complaint and submit a written report through the chain of command.

4. Monitoring the work environment on an ongoing basis for signs that sexual harassment may be occurring.

5. Counseling employees regarding the types of behavior prohibited, and the Department's procedures for reporting and resolving complaints of harassment.

6. Stopping any observed acts that may be considered sexual harassment and taking appropriate steps to intervene, whether or not the involved employees are within his or her line of supervision.

7. Taking immediate action to limit the work contact between two employees as soon as the supervisor becomes aware of a complaint or a problem involving harassment.

4

8. Supervisor has the responsibility to assist DOC employee who comes to that supervisor with a complaint of sexual harassment.

### D. Complaints

1. Employee who believes he/she is a victim of harassment shall report the incident immediately to his/her supervisor. If the harasser is the supervisor, the victim may by-pass the chain of command.

2. If the victim is not an employee of the Department, the complaint must be accepted and investigated, as if the harasser is an employee of the Department.

3. If the alleged harassment involves top management officials, the victim will file complaint with the Director of Personnel, Office of Personnel Management.

4. This policy does not preclude any employee from filing harassment complaint with the Office of Personnel and/or the EEOC.

5. An employee of the Department who interferes with, discourages, or delays the making of complaints shall be subject to disciplinary action.

6. All complaints will be forwarded immediately to the Professional Standards Unit (PSU) for screening, review and entry into the record keeping system.

7. The PSU procedures in receiving complaints will be followed.

8. An employee will not be denigrated in any manner, and under no circumstances, for filing a harassment complaint.

9. If an inmate/detainee is being harassed, the inmate/detainee will immediately notify the Shift Commander.

10. If the harassment incident involves a physical assault and/or sexual assault, either the employee or the official who becomes aware of the incident should report it immediately to the Department of Public Safety for immediate processing and investigation. Any physical evidence should not be disturbed until the arrival of the Department of Public Safety.

11. All allegations of sexual harassment from employees or perception of sexual harassment from third parties or management staff will be reported to the Director of Personnel and will be investigated.

### E. Investigation

1. All harassment complaints will be investigated in a prompt, thorough, and impartial manner by the PSU or at the discretion of the Commissioner of Corrections.

2. Due to the sensitivity of the subject matter, investigations involving complaints of harassment are to be considered confidential.

3. All harassment investigative reports shall be in accordance with PSU Section DD, Investigative Report.

4. A copy of all harassment investigation reports will be forwarded to the Office of Personnel Management.

5. Investigation of harassment complaints shall be in accordance with PSU Section S, Investigation and Adjudication of Serious Complaints.

6. All harassment investigative reports will be considered confidential in nature and the records of these investigations will be maintained in a separate file by the PSU. All files will be secured and access to the files will only be authorized by the Commissioner of Corrections.

**F. Retaliation**

1. An employee who is the subject of harassment complaint shall not intentionally take any action, whatsoever, against the complainant, in retaliation for filing the complaint. Any employee who retaliates against another as a result of the filing of such complaint shall be subject to disciplinary action up to and including dismissal from the Department.

2. This does not prohibit the affected employee from filing a civil suit or taking other lawful action against the complainant in any case where the complaint is determined to be intentionally false and malicious.

3. Employees shall not retaliate against any other employee for reporting harassment, giving testimony, or participating in the investigation.

**G. Training**

1. All newly hired employees, supervisors and subordinates shall be train on the Harassment policy and procedures.

2. All employees of the Department will be provided a copy of the Harassment policy and procedures.

3. The Training Coordinator will schedule refresher training in harassment and discrimination for all employees on a regular basis.

The Department of Corrections recognizes that applicable CNMI/Federal laws and provisions of the CNMI Government Property Management Policies and Procedures preside over this policy and procedures.

Prepared By: _____        __10-25-07__
               John M. Ayuyu            Date
               Deputy Director of Corrections


Reviewed By: _____        __10/25/07__
               Gregory F. Castro            Date
               Director of Corrections


Approved By: _____        __10/31/07__
               Lino S. Tenorio            Date
               Commissioner of Corrections