

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

DEPARTMENT OF CORRECTIONS

Vicente Taman Seman Building
P.O. Box 506506, Saipan, MP 96950
Telephone: (670) 664-9061 Facsimile: (670) 664-9515

| Part | Section | Subject | Policy No. | Review Date |
|---|---|---|---|---|
| Institutional Services | Rules and Discipline | Inmate Prohibited Acts And Discipline | 3.3.1 | |
| **ACA Standards** | Refer to ACA Standards Below: | | | |
| **Consent Decree** | Paragraph 54 Develop Facility Policies and Procedures | | | |

## ACA Standards:

3-ALDF-3C-01 Inmate Prohibited Acts
3-ALDF-3C-02 Disciplinary Procedures Governing Inmate Rule Violation
3-ALDF-3C-03 Inmate Prohibited Acts is Given to Each Inmate
3-ALDF-3C-07 When Rule Violation Require Formal Resolution, Report is Forward to Supervisor
3-ALDF-3C-08 Disciplinary Reports Require Specific Information
3-ALDF-3C-09 Alleged Rule Violation is Investigated Within 24 Hours
3-ALDF-3C-10 Pre-hearing Detention is Conducted Within 72 Hours Including Weekends and Holidays
3-ALDF-3C-11 Inmate Receives a Written Statement of the Rule Violation Charge(s)
3-ALDF-3C-12 Inmate Charged With Rule Violation is Present at Hearing
3-ALDF-3C-13 Inmate Charged With Rule Violation Has a Hearing Within 7 Days
3-ALDF-3C-15 Disciplinary Hearings are Conducted by Impartial Panel of Persons
3-ALDF-3C-16 Inmates Can Make Statements and Present Evidence at Hearing
3-ALDF-3C-17 Staff Representative Assist Inmates if Request
3-ALDF-3C-18 Disciplinary Committee's Decision is Based on Hearing
3-ALDF-3C-19 Written Record is Made of the Decision and Hearing
3-ALDF-3C-20 If Inmate is Found Not Guilty, Disciplinary Report is Removed
3-ALDF-3C-21 Administrator Reviews All Hearings and Dispositions
3-ALDF-3C-22 Inmate Has the Right to Appeal Disciplinary Decisions

## I.    PURPOSE

To describe the types of action that will constitute prohibited behavior and to establish inmate/detainee disciplinary guidelines and procedures that will be used in enforcing these acts.

## II.   POLICY

It is the policy of the Department of Corrections (DOC) to maintain a listing of prohibited acts and to make those information readily available to all inmates/detainees and

employees so that all concerned are aware of the limits of conduct in the facility. It is also the policy of the DOC to implement a system of inmate/detainee discipline that protects the inmate/detainee, correctional staff, and the public, and by maintaining order in the facility through enforcement of rules and regulations, to include a hearing procedure that applies due process requirements.

### III. DEFINITIONS

**Blackmail:** Unlawful demand of money or property under threat to do bodily harm, to injure property, to accuse of crime, or to expose disgraceful defects.

**Chain of Custody:** Taking control of physical evidence, identifying it, and placing it in a secured area and retrieved for trial purposes.

**Corporal Punishment:** Any kind of punishment inflicted on the body.

**Counterfeit:** To copy or imitation, without authority or right, and with intent to deceive or defraud, by passing the copy or thing forged for that which is original or genuine.

**Extortion:** The obtaining of property from another induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

**Furlough:** Is an approved privilege that allows an inmate to be absent from the Correctional Facility with specific conditions to reestablish relationships in the community.

**Indecent Exposure:** Exposure to sight of the private parts of the body in a lewd or indecent manner in a public area.

**Reprimand:** Is a formal means (in writing) of calling to an inmate's/detainee's attention a rule violation. If continued, may result in further disciplinary actions.

**Malingering:** To feign illness or other incapacity in order to avoid duty or work.

**Sabotage:** Is a willful destruction of, injury of, or obstruction of normal operations by someone.

**Weapon:** An instrument of anything used in destroying, defeating, threatening, or injuring a person.

**Work Release:** Is an approved privilege that allows the inmate to be absent from the facility.

**Instant Adjudication** – an alternative to a formal disciplinary sanction process where the inmate/detainee and the citing corrections officer negotiate a sanction to be imposed for a Category III violation.

2

IV. **PROCEDURES**

   A. **Inmate Disciplinary Program**

   A properly managed inmate discipline program will address the following:

   1. Maintain security, control, and safety.

   2. Ensure inmate's/detainee's due process rights.

   3. Ensure fair and consistent disciplinary practices.

   4. Ensure proper documentation of all rule violations.

   5. Provide staff with training in the discipline policy.

   B. **Inmate/Detainee Prohibited Acts**

   1. Written rules of inmate/detainee conduct specify acts prohibited within the facility.

   2. The penalties for each violation must be specified and should be proportionate with the severity of the violation.

   3. The rules should prohibit only observed behavior that can be shown clearly to have a direct, adverse effect on an inmate/detainee or on facility order and security.

   4. The Inmate Prohibited Act policy and procedures will be reviewed annually and updated if necessary.

   C. **Inmate Orientation**

   1. All inmates/detainees shall be provided a copy of the Inmate Prohibited Acts and Discipline upon admission.

   2. The Booking/Release Officer will explain the Inmate Prohibited Act and Discipline to the inmate/detainee in the language that is spoken by the majority of the population or the language that the inmate/detainee can understand.

   3. The inmate/detainee will signed acknowledgement of receipt of the Inmate Prohibited Acts and Discipline and is maintained in the inmate/detainee's file.

   D. **Sanctions**

   1. The following sanctions or penalties may be imposed or a combination thereof for minor and/or serious offenses:

      a. Reprimand.

   b. Confinement to assigned cell.

   c. Loss of privileges as listed below:

      1. Entertainment or Recreational Activities
      2. Telephone Privileges
      3. Visitation
      4. Work Release
      5. Furlough

2. The following shall not be imposed as sanctions:

   a. Any form of dietary restriction or the use of food or meals as a punishment.

   b. Any form of corporal punishment.

   c. Any form of discipline imposed by another inmate/detainee.

   d. Deprivation of clothing or bedding; this does not apply to those inmates/detainees who engage in the practice of destroying such items. Neither does it apply to suicidal or mentally unstable inmates/detainees if recommended by professional medical staff.

   e. Denial of necessary personal hygiene items; this does not apply to inmates/detainees who engaged in the practice of destroying such items.

3. If the staff and/or the Shift Commander believe an offense may be resolved by a reprimand, warning, and/or counseling, the staff and/or Shift Commander may so resolve, but a report must be submitted. A counseling report must be made and filed in the inmate/detainee's file in Classification Section. A copy of the counseling report shall be provided to the inmate/detainee, Shift Commander, Operations Captain. The inmate/detainee may prepare a response to the counseling report, which should be placed with the counseling report file in the inmate/detainee's file.

**E. Classification of Contraband**

   1. CLASS I:   Any dangerous weapon.
                 Any objects modified in such a way that it can be used as a weapon.
                 Explosive or explosive devices.
                 Any object that can be used to facilitate an escape.

   2. CLASS II:  Any controlled substance or intoxicant.
                 Cameras or recorders.
                 Unauthorized tools.
                 Sexually explicit or violent books, pictures or magazines.

4

3. CLASS III:   Any item which is prohibited inside the facility per DOC Standard Operating Policy and Procedures, and which does not belong in any of the above categories.

**F. Types of Offenses**

**1. Category I Offense (Low)**

Available Sanctions:

a. Disciplinary detention for up to seven (07) not to exceed a total of fifteen (15) days.

b. Loss of one or more privileges (including recreation, visitation, telephone or program participation).

c. Written Warning.

101.  Being in an authorized area.
102.  Answering to the name of another.
103.  Deception.
104.  Disorderly conduct.
105.  Disrespect to staff or another inmate/detainee.
106.  Being unsanitary or untidy; failing to keep one's person, cell and/or day room area clean.
107.  Unauthorized contact with the public.
108.  Unauthorized use of telephone.
109.  Failure to perform assigned work.
110.  Failure to secure personal property.
111.  Violating a condition of furlough, pass, or any other conditional or temporary release.
112.  Possession of Class III contraband.
113.  False report.
114.  Possession of betel nut, cigarette, lighter, chewing tobacco or snuff.
115.  Misuse of Government property.
116.  Unauthorized possession of another person's property.
117.  Gambling.
118.  Disruption of any institutional activity.
119.  Possession of clothing, bedding, and or linen in excess of the amount authorized.
120.  Abuse of intercom system.

**2. Category II Offenses (Moderate)**

Available Sanctions:

a. Disciplinary detention up to fifteen (15) days not to exceed a total of thirty (30) days.

    b. Loss of one or more privileges (including recreation, visitation, telephone or program participation).

    c. Violations marked with an asterisk may include criminal charges.

201. *Assault and Battery.
202. *Counterfeiting and/or forgery.
203. Damage to Government property (less than $250.00 in value).
204. *Destroying the property of another.
205. Failure to maintain personal hygiene.
206. *fighting.
207. Interfering with staff.
208. Possession of Class II contraband.
209. Refusal to work.
210. Sexual acts with consent.
211. *Theft.
212. Threatening another person.
213. Throwing objects, liquids or food.
214. Violation of visiting rules.
215. Misuse of authorized medication.
216. Tattooing or self-mutilation.

**3. Category III Offenses (High)**

Available Sanctions:

    a. Disciplinary detention for up to thirty (30) not to exceed a total of sixty (60) days.

    b. Loss of one or more privileges (including recreation, visitation, telephone or program participation).

    c. Violations marked with an asterisk may include criminal charges.

301. *Any assault resulting in death or serious bodily injury.
302. *Assault with a dangerous weapon.
303. *Riot.
304. *Assault on a Corrections Officer.
305. *Arson.
306. *Bribery.
307. *Rape, sexual acts without consent.
308. *Escape.
309. *Extortion, Blackmail, protection: That is demanding or receiving anything of value in return for protection against others to avoid bodily harm or under threat of informing.
310. *Failure to cooperate in a headcount, shakedown or search.
311. *Failure to obey orders of staff.
312. *Damage to Government property (exceeding $250.00).
313. Possession of Class I contraband.

6

    314. Tampering with any security device.
    315. Possession of cellular telephone.
    317. Adulteration of any food or drink.

### G. Incident Report

1. If an inmate/detainee violates a prohibited act, the Housing Unit Officer or staff witnessing the rule violation will write a self-statement of the incident and if the violation cannot be resolve informally, a written Inmate Disciplinary Citation will be issued.

2. The staff issuing the Inmate Disciplinary Citation will completely fill-out the Inmate Disciplinary Citation form.

3. The staff will check-mark one violation from the list of violations. The violation chosen should be the most serious violation from any of the three categories.

4. The staff observing the violation will write on the Inmate Disciplinary Citation a short narrative of the incident.

5. The Inmate Disciplinary Citation will be signed by the staff issuing the citation, the inmate/detainee that committed the violation and the Shift Commander. A copy of the Inmate Disciplinary Citation will be provided to the inmate/detainee after it is signed.

6. The staff observing the violation will write a self-statement of the incident to include the following:

    a. The name of the inmate/detainee who violated the rule.
    b. The specific rule violated (Only one rule should be stated).
    c. The facts surrounding the incident.
    d. The names of witnesses to the incident, if any.
    e. The disposition of any evidence involved.
    f. Any immediate action taken.
    g. The date and time of the offense.
    h. Location of the incident.
    i. The signature of the reporting officer.

7. The staff will submit the statement along with the Inmate Disciplinary Citation and other evidence to the Shift Commander no later than at the end of the shift.

### H. Investigation

1. The Shift Commander will review all the self-statements submitted by officers involved, Inmate Disciplinary Citation, witnesses' statements, and other relevant reports and evidence confiscated relating to the incident. If necessary, the Shift Commander will cause to be interviewed in writing, the inmate/detainee who

violated the rule, and any witnesses who may have knowledge regarding the incident as soon as practical but must be completed prior to the end of the shift. Any evidence confiscated will be properly labeled and a chain of custody receipt issued. The evidence confiscated will be secured until final disposition of the incident is made. If the violation is of a criminal nature, the evidence and chain of custody receipt will be forwarded to the DPS Evidence Custodian for safekeeping. The Shift Commander will write a narrative report of the incident and submit it to the Captain of Operations and Classification Section. All interviews and pertinent documents relating to the investigation will be placed in a folder and forwarded to the Captain of Operations for further review.

2. The Captain of Operations will review the report, and if necessary, initiate further investigation and determine whether a written Notice to Impose Sanction will be issued.

3. If the Shift Commander and/or the Captain of Operations determine that the violation is of a criminal nature, the alleged incident will be reported to the Criminal Investigation Bureau and the DPS central immediately for regular criminal case processing. The inmate/detainee will be place in the Disciplinary Housing Unit by himself without being questioned regarding the incident.

4. If the inmate/detainee is placed in Disciplinary Housing Unit for safety and security reasons, the Captain of Operations will review within 72 hours including weekends and holidays all relevant information relating to the inmate/detainee and determine what appropriate action needs to be taken.

5. If the inmate/detainee is found innocent of the alleged rule violation either minor or major, after a thorough investigation, all references to that offense(s) will be removed from his/her file if reasonably possible. The file will clearly indicate that the inmate/detainee was found innocent of the alleged violation. If the inmate/detainee is found guilty on certain allegations, but not on others, the unfounded allegations should be clearly noted on the report.

### I. Written Notice to Impose Sanctions

After reviewing all the information available regarding the incident and the Captain of Operations determines that a Written Notice to Impose Sanctions is warranted, the Captain of Operations will issue such notice to the inmate/detainee who violated the rule. The notice shall be given to the inmate/detainee within twenty four (24) hours from the time the report is received by the Captain of Operations. The following shall appear on the written notice to impose sanction:

1. A statement of the grounds for the imposition of the sanction. It should state specifically the rule that was violated.

2. A statement that the discipline shall commence and end at a specified time and date

3   The written notice shall state that he/she has a right to appeal the proposed sanction to the Director of Corrections within twenty four (24) hours from the time inmate/detainee received the proposed sanction. The Director of Corrections will either affirms or reverses the decision of the Captain of Operations within five days of the appeal.

4. The notice shall advise the inmate/detainee of his/her rights in the disciplinary process. The inmate/detainee's failure to appeal in writing will result in the proposed sanction being affected.

5. The inmate/detainee will sign the Notice to Impose Sanction and a copy of the notice will be provided to the inmate/detainee. A copy of the notice will be filed in the inmate/detainee's file.

6. If an incident is informally resolved, a memorandum will be placed in the inmate/detainee's file, briefly describing the incident and the reasons for the informal disposition.

**J. Hearing**

1. The Commissioner will review the Notice to Impose Sanction and other supporting documents regarding the incident. The Commissioner may affirm or reverse the proposed disciplinary sanctions. He may also modify but not increase the sanctions imposed. The inmate/detainee will be notified accordingly and if still not satisfied, may appeal the decision and request a hearing in front of the Disciplinary Committee within 7 days excluding weekends and holidays from the date he/she received the decision from the Commissioner.

2. The inmate/detainee is notified of the time and place of the hearing at least 24 hours in advance of the scheduled hearing. When the hearing is postponed due to exceptional circumstances, unavoidable delays, or reasonable postponements, the reasons for all delays should be documented.

3. The Commissioner will appoint an impartial committee consisting of three members. One member will be an inmate/detainee and the other two DOC Staff. The members cannot be involved in the alleged violations or charges. The purpose of the committee will be to hear:

   a. Whether there was substantial evidence to support the charges.

   b. Whether there was substantial compliance with applicable discipline policies and procedures and;

   c. Whether the sanction imposed was proportionate to the rule violation.

4. During a disciplinary hearing, the Committee may hear testimony from witness, the reporting officer, and the accused inmate/detainee, provided the inmates/detainees appearance would not be disruptive. The inmate/detainee charged with a rule violation will have the opportunity (but is not required) to be

9

present, make a statement, and present documentary evidence. When the inmate/detainee is not present at the hearing, the reasons for his/her absence should be documented. The inmate/detainee may call witnesses on his/her behalf when such witnesses are reasonably available and their presence and the disciplinary committee do not consider their presence to be unduly hazardous to institutional safety. The Committee may exclude witnesses who refuse to appear. The reasons for exclusion or denial will be documented in the record of the hearing.

5. Witnesses requested by the inmate/detainee may be questioned by both the inmate's representative and committee members. Witnesses who cannot respond to questions in person can be asked to submit written statements. The inmate/detainee should be permitted to obtain and submit any relevant documents.

6. The accused inmate/detainee will be removed from the hearing during the testimony of witnesses whose statements must be given in confidence, and the reasons for such exclusion will be documented. The inmate/detainee accused of a rule violation may request, and will be appointed upon request, the services of a full-time staff member or another inmate/detainee to represent the inmate/detainee during the hearing. The representative will assist in the collection and gathering of evidence if the inmate/detainee is not able of doing so personally.

The committee's decision is final unless the Commissioner takes one of the following actions:

a. Reverse the decision outright.

b. Return the decision back to the committee for further proceedings.

c. Modifies but without increasing, the sanction imposed.

7. A decision will be made within 30 days and a written copy will be provided to the inmate/detainee. The appeal to the Disciplinary Committee shall be the final administrative remedy.

8. The Chairman of the Disciplinary Committee may postpone a hearing for good cause, documenting the reason for any such delay in the inmate/detainee's file. The inmate/detainee may also request a continuance for good cause, which may be granted by the Committee for a reasonable period.

9. When the inmate/detainee request assistance at the hearing, the committee will provide that a staff member to assist. The committee will appoint a representative when it is apparent that an inmate/detainee is not capable of collecting and presenting evidence effectively on his or her own behalf.

10. Staff member appointed to assist inmates/detainees should be trained and knowledgeable about facility rules and discipline, disciplinary procedures, and due process requirements.

11. The hearing record and supporting documents are kept in the inmate/detainee's file and in the committee's records.

### K. Record of Findings

A record will be maintained of the hearing, including witnesses heard, evidence presented, and the disposition of the incident. The record will be kept in the inmate's/detainee's file. As soon as possible after the hearing, a report will be completed that contains the following:

1. The date and time of the hearing.
2. A list of all witnesses and a summary of their testimony.
3. The committee's decision.
4. The sanction imposed or disposition.
5. A summary of the evidence on which the decision and sanction were based, unless doing so will jeopardize prison security.
6. A statement as to whether the matter is settled or still subject to further disposition.
7. Signatures of the committee members.

### L. Confidential Information

An inmate/detainee may be found guilty of a rule violation on the basis of information from a source whose identity is not disclosed to the inmate/detainee at the hearing. Such information may be presented verbally or in writing to the Captain of Operations prior to the notice to impose sanction or at the committee hearing, subject to the following conditions:

1. The details of any information from a confidential source will be disclosed to the inmate at the hearing, as long as it does not create a substantial risk to the safety of the confidential source.

2. When the Captain of Operations and/or the Committee considers information from anonymous source, the name of the source and all details of such information will be given out of the presence of the inmate/detainee.

3. A confidential record will be maintained containing the details of such information and shall be made available only to those individuals privy to such information.

### M. Committee's Decision

1. The committee's decision will be based solely on information obtained in the hearing process, including staff reports, the statements of the inmate/detainee charged, and evidence derived from witnesses and documents.

2. Written record is made of the decision and the supporting reasons, and that a copy is given to the inmate/detainee.

11

3. The Commissioner will appoint an administrator to review all disciplinary committee hearings and dispositions to assure conformity with policy and regulations.

4. At the conclusion of the disciplinary committee hearing, the hearing record should be forwarded to the administrator for review. The review should ensure that the hearing was conducted in accordance with stated procedures and that the action taken conforms to DOC policies and procedures.

Reviewed By: _____     _____
Gregory F. Castro                                  Date
Director of Corrections

Approved By: _____     12/06/07
Lino S. Tenorio                                    Date
Commissioner of Corrections