

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

DEPARTMENT OF CORRECTIONS
Vicente Taman Seman Building
P.O. Box 506506, Saipan, MP 96950
Telephone: (670) 664-9061 Facsimile: (670) 664-9515

| Part | Section | Subject | Policy No. | Review Date |
|---|---|---|---|---|
| Institutional Services | Release | Inmate/Detainee Release | 4.7.1 | |
| **ACA Standard** | 3-ALDF-4G-07  Final Release | | | |
| **Consent Decree** | Paragraph 54 Develop Facility Policies and Procedure | | | |

I. **PURPOSE**

To describe the procedures that will be used to release inmates/detainees from the Department of Corrections (DOC) facility.

II. **POLICY**

It is the policy of DOC to release inmates/detainees from custody under proper legal conditions using procedures that ensure the safety and security of the facility.

III. **PROCEDURE**

A. **Inmate/Detainee Release**

Inmates/detainees are entitled to timely release when they have made bail, been found not guilty, ordered released by a court, or completed sentence. All releases will follow standard procedures to ensure proper documentation of the release, the collection and return of DOC property issued during incarceration, and the collection and storage of records related to the inmate's/detainee's confinement. General release procedures will include the following:

1. The Booking/Release Officer will review commitment order documents to ensure that all conditions are followed. The Booking/Release Sergeant will review all the terms and conditions to ensure that they are met prior to releasing the inmate/detainee.

2. The Booking/Release Officer will verify with the DPS Summons officer and U.S. Marshal that there are no outstanding warrants and/or detainers.

3. The Booking/Release Officer will complete the section on the Booking Record form relating to release.

1

4. The Booking/Release Officer will review the inmate's/detainee's medical file to ensure that the inmate/detainee receives his/her prescribed medications if any prior to release. The inmate/detainee will be informed of the medication prescription information.

**B. Bail**

Any person arrested for a criminal offense other than murder in the first degree, shall be entitled as a matter of right to be released on bail before conviction, provided, however, that no person may be so released while under the influence of intoxicating liquor or drugs and that there is a reasonable ground to believe the person will be offensive to the general public. The Booking/Release Officer will abide with the following when releasing any person on bail:

1. Review and follow all the terms and conditions enumerated on the Bail Order from the court. The detainee will not be released from custody if any of the conditions are not met. The Booking/Release Sergeant will review all the terms and conditions to ensure that they are met prior to releasing the detainee.

2. Explain to the detainee the conditions enumerated on the Bail Order.

3. The Booking/Release Officer will verify with the court that issued the Bail Order whether all the conditions have been met to the satisfaction of the court.

4. The Booking/Release Officer will request from the court issuing the Bail Order to issue a written order releasing the detainee.

5. If the detainee is ordered by the court to post bail prior to being release, the Booking/Release Officer will ensure that the right amount of bail is paid to the court or the money is received by the Booking/Release Officer.

6. If bail is paid at the court, a receipt must be produced to the Booking/Release Officer for verification. A copy of the bail receipt must be obtained and made a part of the detainee's file.

7. If bail is paid at DOC, the Booking/Release Officer will ensure that the right amount is collected, verified and acknowledged by the Booking/Release Sergeant, prior to issuing a receipt to the payer. The money received will be placed in an envelop, sealed and initialed by both the Booking/Release Officer and the Booking/Release Sergeant. The Booking/Release Sergeant will be responsible for the safekeeping of all payments.

8. Bail money will be secured at the Booking/Release Sergeant's office and will be delivered to the Clerk of Court on the next business day. Upon delivery to the Clerk of Court, the Booking/Release Officer will obtain from the Clerk of Court a

    receipt as to the amount of money delivered. The receipt will be made a part of the detainee's file.

9. The arresting agency will be informed that the detainee was released after meeting the terms and conditions of bail.

### C. Property

1. When the inmate/detainee is to be released, all of his/her personal property must be returned and he/she must sign the Personal Property Inventory form signifying that he/she received his/her property. The Booking/Release Officer releasing the inmate's/detainee's property must ensure that it is consistent with the original Personal Property Inventory form.

2. The releasing officer will make a written entry on the Personal Property Inventory form the released time and the reason for release. The Personal Property Inventory form signed by the released inmate/detainee will be placed in inmate/detainee file.

3. Any discrepancies found on the personal property inventory will be reported immediately to the Booking/Release Sergeant.

### D. Sex Offender Registration

1. All sex offenders must register a current address for a ten-year minimum period measured from the date the person was released from prison or placed on parole, supervised release, or probation. Initial registration shall occur 30 days before the time of release or placement, and may be required as condition of parole, supervised release, or probation. The registration requirement during the minimum ten-year period may not be terminated unless the underlying offense conviction is reversed, set aside or vacated, or the registrant is pardoned.

2. If the sex offender changes residence within the CNMI, the sex offender is required by law to register within two days the new address with DPS on the island where he or she resides. If the sex offender moved to a different island within the CNMI, the sex offender shall register with the DPS office on the new island of residence. If the sex offender moves from the CNMI to a different state or territory, the sex offender shall inform DPS of his/her departure from the CNMI and shall register with the designated law enforcement agency in the new state no later than two days after arriving at his/her new place of residence in the state, if the state has a registration requirement.

Prepared By: _____     10-23-07
               John M. Ayuyu                                                                 Date
               Deputy Director of Corrections

Reviewed By: _____     10/24/07
               Gregory F. Castro                                                              Date
               Director of Corrections

Approved By: _____     10/24/07
               Lino S. Tenorio                                                                 Date
               Commissioner of Corrections