# EXHIBIT C

# LETTERS RE: CONTINUING MEDICAL SERVICES FROM CHC

Letter from DOC to CHC, dated Apr. 17, 2013......................................................................1

Letter from CHC to DOC, dated June 7, 2013 ......................................................................7



# DEPARTMENT OF CORRECTIONS
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
Vicente Taman Seman Building
P.O. Box 506506, Susupe, Saipan MP 96950
Telephone: (670) 237-2701 or 2700 Facsimile: (670) 664-9515

 

**Eloy S. Inos**
GOVERNOR

**Jude U. Hofschneider**
LT. GOVERNOR

**Ramon C. Mafnas**
COMMISSIONER

April 17, 2013



Honorable Joaquin S. Torres
Chairman, Board of Trustees
Commonwealth Health Corporation
P.O. Box 500409
Saipan, MP 96950

Hafa Adai and Greetings Chairman Torres:

I hope this letter finds you well and in good health. The responsibility to provide health care to the CNMI DOC inmates and detainees falls on the CNMI government as party to the agreement, known as the Consent Decree, approved by the U.S. District Court on February 1999. The events leading to the Consent Decree were many and took years to become evident. It was apparent that the CNMI government and the people of the Commonwealth invested millions of dollars to build a new state-of-the-art CNMI DOC facility, which has undergone tremendous changes for the better in terms of implementation, practices and application of its policies and procedures necessary and most essential to improve the CNMI's only correctional institution. The CNMI Attorney General's Office, the CNMI Executive Branch (Administration) and the Commonwealth Healthcare Corporation including the former Department of Public Health / Commonwealth Health Center contributed significantly towards the healthcare needs of inmates as required by CNMI statute (NMIAC, Vol. 1, Title 57), the Consent Decree and other established standards and applicable laws, rules and regulations. In addition, the Commonwealth Healthcare Corporation or its predecessor was instrumental in revising and improving the CNMI DOC's healthcare policies and procedures in which we were very grateful.

The recent untimely news article (please see attachment) can unfortunately destroy years of work by the CNMI government and CNMI DOC. It is the wrong time for the CNMI, and for that matter, for any agency especially the Commonwealth Healthcare Corporation to ignore protocol and common decency to seek consultation and communicate its concerns directly with the CNMI Administration and the CNMI DOC in order to identify the best alternatives and solutions to address any and all issues as well as prevent potentially harmful statements and consequences. Publicly opining through the media creates unnecessary risks and the potential for increased liabilities against the CNMI government and the Corporation. A careful review of CNMI Public Law 16-51 will identify the status of obligations, agreements and duties of the Commonwealth Healthcare Corporation. It was by design that P.L. 16-51 was created from House Bill 16-9, HS1

Page 1 of 3

and SD2 after careful analysis and assessment from the onset to address all concerns pertaining to obligations, agreements, and duties which were never intended to be severed but rather assumed and continued. In other words, there was no severance clause or the intent to sever such obligations, agreements and duties. Therefore, the need to create a new Memorandum of Agreement between CHC and DOC may be preferred under the new CHC reorganization but all obligations remain.

There are extenuating factors that must be considered to protect the interests of the CNMI government and the CNMI DOC from potential liabilities. We can prevent potential liabilities through dialogue which we respectfully encouraged. Posturing and publicly opining are not proper forums to conduct business and the CNMI DOC will not resort to such method. All decisions pertaining to healthcare obligations to the CNMI DOC inmates and detainees must be carefully assessed and based on rational minds seeking positive and constructive outcomes and solutions within appropriate venues and protocol.

The legal basis supporting the continuation of healthcare to inmates is as follows:

### Public Law 16-51

#### § 2803 Establishment of Commonwealth Healthcare Corporation.

(a) There is hereby *established in the Commonwealth government a Commonwealth Healthcare Corporation, a public corporation, which is hereby **allocated to the executive branch for purposes of organization and coordination.*** (b) The Corporation shall ***assume the functions and duties** of the (1) Commonwealth Health Center*, (2) the Clinics including the Rota Health Center, Tinian Health Center, the Women's Clinic, and the Children's Clinic; (3) the Community Guidance Center, (4) inter-island medical referral services; and (5) other clinics, operations and function of the Department of Public Health as may be transferred to the Corporation by the Secretary of Public Health.

#### § 2813. Transfer of Property and Personnel to Corporation

(b) All working capital, cash, accounts payable and receivable, deposits, advances payable and receivable, all books, records and documents, and all other rights, obligations, assets, liabilities, **agreements,** contracts, leases, concessions and **all other rights, obligations,** and privileges pertaining to the operation of the Corporation within the Commonwealth, and **other matters and concerns of the Governor or the Department of Public Health which are to be assumed by the Corporation,** including the assets, personal and real property, held by the government healthcare facilities within the Commonwealth.

#### § 2814. Assumption of Rights, Obligations and Duties of the Government

(a) To the extent feasible, the Corporation *shall assume all rights, obligations and duties of the Government or the Department of Public Health under any agreements to which they are parties that relate to the financing, operation or delivery of healthcare services in the Commonwealth;*

(b) *All lawful obligations of the government or the Department of Public Health existing during the effective date of this Act, and all fines, taxes, penalties, forfeitures, obligations and rights, due, owing or accruing to the government or the Department of Public Health, and all writs, prosecutions, actions and proceedings by or against the government or the Department of Public Health shall remain unaffected by adoption of this Act;* and,

(c) This Act shall not be deemed to affect petitions, hearings and other proceedings pending before the Department of Public Health and legal proceedings and investigations to which the Department of Public Health is a party. *The Corporation shall assume and succeed the Department, without further action, in all matters and orders relating to the functions and duties assumed by the Corporation as of the effective date of this Act.*

Public Law 16-51 and subsections cited above clearly points out that the functions and duties of the Department of Public Health and the Commonwealth Health Center shall remain unaffected under the Commonwealth Health Corporation and the same duties and functions shall be assumed by the Corporation.

The CNMI DOC seeks the voice of reason from mature and open-minded professionals to help the Commonwealth as a whole move forward consistently as challenges rise, appear and demand our undivided attention. For this particular issue—inmate healthcare—the entire CNMI is responsible and not the CNMI DOC alone.

May the CNMI DOC respectfully request for an audience or a meeting with the Commonwealth Healthcare Corporation Board of Trustees? I look forward to your favorable consideration in granting the CNMI DOC's request.

Respectfully,

RAMON C. MAFNAS
Commissioner

Attachment:   5/28/09 – MOA between DPH and DOC
              8/03/10 – Memorandum from DPH to DOC re Medical Coverage at DOC
              4/15/13 – Saipan Tribune Article "Inmates May Lose Medical Services"

**Distribution List:**
Governor Eloy S. Inos
Lt. Governor Jude U. Hofschneider
Board of Trustees, Commonwealth Health Corporation
Senate President Ralph DLG. Torres
House Speaker Joseph P. Deleon Guerrero
Attorney General Joey P. San Nicolas
Chief Executive Officer Juan N. Babauta, CHC

 

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
# DEPARTMENT OF CORRECTIONS
### ADULT CORRECTIONAL FACILITY

## MEMORANDUM OF AGREEMENT

WHEREAS the Department of Public Health has the responsibility and capacity to deliver health care services to all residents on the CNMI; and,

WHEREAS the Department of Corrections has the responsibility and capacity to provide security confinement; and,

WHEREAS the Departments of Public Health and Corrections have areas of interest that present opportunities for efficient and effective collaboration; and,

WHEREAS the CNMI has obligations related to the Consent Decree entered in the case USA v. Governor of CNMI, DPS Commissioner, DoLI Secretary, & DCCA Secretary, Civil Action No. 99-CV-0017,

NOW THEREFORE the Departments of Public Health and Corrections hereby agree as follows:

1. Each category shall collaborate on areas of defined interest. Services provided hereunder shall be accomplished without transfer of funds between agencies.

2. The Department of Public Health shall provide medical and mental health services for individuals in the custody of the Department of Corrections in a manner consistent with the requirements of the Consent Decree.

3. The Department of Corrections shall provide security as necessary and appropriate for the Department of Public Health.

4. Each Department shall designate a contact person who shall be responsible to execute provisions of the Memorandum of Agreement and prepare reports related thereto.

5. Quarterly Reports reflecting services delivered, compliance with provisions of the Consent Decree and such other information as may be appropriate shall be prepared. The Quarterly Reports shall be submitted to the Secretary of the Department of Public Health, Commissioner of Department of Corrections, Governor's Senior Policy Advisor and the Consent Decree Coordinator.

EFFECTIVE: 05/28/09

_____
Joseph Kevin P. Villagomez, Secretary
Department of Public Health

_____
Dolores M. San Nicolas, Acting Commissioner
Department of Corrections

Vicente Taman Seman Building
P.O. Box 506506 CK, Saipan MP 96950
Operations: Tel: (670) 237-2700 Fax: (670) 664-9048 • Administration: Tel: (670) 237-2701/4/5 Fax: (670) 664-9515

EXH C 000004

 

## Commonwealth of the Northern Mariana Islands
### Department of Public Health
*Office of the Secretary*

# MEMORANDUM

**To**      : Ramon C. Mafnas, Commissioner of Corrections
**From**    : Joseph Kevin P. Villagomez, Secretary of Health
**Cc**      : Gregory Kotheimer, Chief of Staff
             April Ricotta, Director of Nursing
**Date**    : August 3, 2010
**Subject** : Medical coverage at the Department of Corrections

### Department of Public Health Mission at Department of Corrections

The Department of Public Health (DPH) provides essential medical, dental, and mental health services by professional staff in a manner consistent with accepted community standards for a correctional environment. DPH uses licensed and credentialed health care providers in its medical unit, which is supported by community consultants and specialists. For inmates with chronic or acute medical conditions, DPH offers episodic evaluation and treatment strategies within the medical unit, a transport system to the Emergency Room as well as visits in the outpatient Family Care Clinic which provides advanced care.

Health promotion is emphasized through counseling provided during examinations, education about the effects of medications, infectious disease prevention and education, and regularly scheduled visits for conditions such as cardiovascular disease, diabetes, and hypertension.

### Hours of Medical Coverage

DPH has devised a method to provide medical services 24 hours per day, seven days a week for the inmates at the Department of Corrections (DOC). The way in which these hours are staffed will vary depending on the varying census and needs of DOC. What is to follow has been deemed adequate to cover the needs of the present situation.

P.O. Box 500409 CK, Saipan, MP 96950
Telephone: (1-670) 236-8201/2   FAX: (1-670) 236-8756
E-mail: jkvsaipan@aol.com

EXHIBIT C

Monday-Friday 0730-1630 a Registered Nurse is present in the Medical Unit to handle sick calls, distribute medications, assist the physician, place PPDs, and administer immunizations and to triage urgent and acute medical situations.

Two separate weekdays (four hours per session) a physician is present in the medical unit to perform histories and physicals, review sick calls, review charts and manage any other medical administrative duties.

Two appointment times for DOC inmates are available at 1300 on Wednesdays at the Family Care Clinic. A physician is available for regularly scheduled appointments or urgent visits if it is scheduled by 0900 the same day.

When the physician is not present in the Medical Unit, s/he is on call for emergencies and urgent medical concerns.

A DOC CPR certified staff must present in DOC during the hours medical staff are not available.

An emergency transportation system is available for an inmate requiring emergency care.

**Contact Information**
Permanent Registered Nurse: Ares Ranada - 989-1567
Permanent Physician: Gregory Kotheimer – 285-2626
Family Care Clinic Permanent Physician: Christine Brown
        Appointment phone: 236-8308/9




# Commonwealth Healthcare Corporation

Commonwealth of the Northern Mariana Islands
1 Lower Navy Hill Road Navy Hill, Saipan, MP 96950

June 7, 2013

Ramon C. Mafnas
Commissioner
Department of Corrections
P.O. Box 506506
Saipan, MP 96950

Dear Commissioner Mafnas,

This is to clarify that despite discussions in a previous CHCC Advisory Board meeting and even without the transfer of funds to CHCC for incurred expenses, CHCC acknowledges that we have the responsibility to provide health care services to all residents of the CNMI, including providing medical and mental health services for the individuals in the custody of the Department of Corrections (DOC). This is also to confirm that such services have been provided to the inmates of DOC without interruption.

If you have any questions or concerns, please feel free to contact me directly.

Thank you.

Esther L. Muña
Interim CEO, CHCC