# EXHIBIT E

# JDU POLICIES

Working with Minors of the Opposite Sex (No. 2.23) ............................................................1–2

Acknowledgement of receipt of Policy No. 2.23..................................................................3

Child Abuse Reporting (No. 7.10)......................................................................................4–5

Sexual Assault (No. 8.26) ...................................................................................................6

Communications (No. 4.22)................................................................................................7–9

EXHIBIT E

**KAGMAN JUVENILE DETENTION & CORRECTIONAL FACILITY**
**POLICIES AND PROCEDURES MANUAL**
SECTION II
TRAINING, PERSONNEL and MANAGEMENT

| | |
|---|---|
| TOPIC: WORKING WITH MINORS OF THE OPPOSITE SEX | POLICY STATEMENT NO: 2.23 |
| DATE ORIGINATED: April 2003 | PAGE: 1 OF 2 |
| REVISED: March 2013 | |

## I. PURPOSE

To establish procedures and guidelines for staff as it pertains to supervising clients of the opposite sex.

## II. POLICY

It is the Policy of the Kagman Juvenile Detention and Correctional Facility that a minimum of *one female* staff member is present at all times whenever there is a female client in custody, so that all clients are accorded their rights to privacy and personal dignity through the appropriate supervision.

## III. PROCEDURE

A. Staff members working with minors of the opposite sex shall not to directly supervise the following activities:

1. Use of toilets, including submitting urine samples.

2. Body searches (both pat down and strip search), however, staff members of the opposite sex maybe in close proximity to render backup assistance (when needed).

3. Wake-up activities while the minors are dressing.

4. Bedtime activities while minors are dressing for bed.

5. Showers.

6. Working details out of sight of other staff members.

B. Staff working with minors of the opposite sex shall follow all procedures as outlined in the applicable policies, except as listed below:

1. In the event of a clear and immediate emergency, any staff member may intervene (regardless of the gender of the minor), using only sufficient force necessary and within the policy to stabilize a given situation. An Incident Report must then be submitted justifying the need for intervene, including a detailed explanation of the

EXHIBIT E

action(s) taken to eventually regain control of the situation. As in any restraint situation, the staff member(s) will be held accountable for the decisions he/she made that are not in accordance with the applicable procedures.

C. Escorting and Transporting: Juvenile Workers must transport the same sex minors at all times. The following procedures must be followed for accountability and documentation of each activity:

1. Log exact time of departure

2. Radio or telephone the Duty Supervisor upon arrival at the designated location and for any emergencies encountered when transporting clients.

3. The Duty Supervisor will cause the appropriate logbook entries be made on all escort activities to ensure proper documentation of all transporting and escorting activities conducted.

D. The Duty Supervisor will cause to have on duty a female JCW in all instances when there is a female client in custody, even if it will cause the Department of Corrections overtime pay. There is no exception. There must be a female JCW on duty at all times whenever there is a female client(s) in custody.

Prepared By: Georgia M. Cabrera
Corrections Captain
Date: December 2012

Approved By: Gregory F. Castro
Commissioner (acting), DOC
Date: 3/28/13

EXHIBIT E



# DEPARTMENT OF CORRECTIONS
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
Vicente Taman Seman Building
P. O. Box 506506, Susupe, Saipan MP 96950
Telephone: (670) 237-2700 Facsimile: (670) 664-9515



Working with Minors of the Opposite Sex, Policy Statement No: 2.23

| Rank & Name | Signature | Date |
|---|---|---|
| JCO Rasa, Ricardo R. | [signed] | 04.01.13 |
| JCWIII Tagabuel, Benjamin | [signed] | 4.01.13 |
| JCWIII Teregeyo, Joey | [signed] | 04.01.13 |
| JCWIII Teigita, Margaret | [signed] | 04.01.13 |
| JCWII Limes, Vincent | [signed] | 04/01/13 |
| JCW LGuerrero, Claudia | [signed] | 04/03/13 |
| JCW Kaipat, Fisaramal | [signed] | 04-01-13 |
| JCW Kapileo, Thelma | [signed] | 4/01/13 |
| JCW Tagabuel, Bill John | [signed] | 04-01-13 |
| JCW Ngotel, Pedro | [signed] | 04.01.13 |
| JCW Santos, Sheelane | [signed] | 04.01.13 |
| JCW Sakisat, Duwayne | [signed] | 04.01.13 |
| TT Aguon, Augustin | | |

Page 1 of 1.

EXH E 000003

# KAGMAN JUVENILE DETENTION & CORRECTIONAL FACILITY
# POLICIES AND PROCEDURES MANUAL
## SECTION VII
## OPERATIONS

| | |
|---|---|
| TOPIC: **CHILD ABUSE REPORTING** | POLICY STATEMENT NO: 7.10 |
| DATE ORIGINATED: 4/03 | PAGE 1 OF 2 |
| REVISED: | |

I. **PURPOSE**

To establish Kagman Juvenile Detention and Correctional Facility procedure and assure compliance with mandatory reporting of suspected child abuse.

II. **POLICY**

  A. Kagman Juvenile Detention and Correctional Facility staff, as are all Division of Youth Services employees are legally mandatory reporters of suspected and/or actual child abuse. This is a requirement whether on or off duty. **Insert the Code Sections number**

  B. **Insert code section verbiage here**

  C. "Child Abuse" means a physical injury, which is inflicted by other than accidental means on a child or another person. It includes the sexual assault of a child (i.e., rape, sexual exploitation, incest, sodomy, oral copulation, and penetration of a genital or anal opening by a foreign object or other acts of child molestation).

  D. "Child Abuse" also means willful cruelty, unjustifiable punishment or corporal punishment resulting in trauma, medical neglect, the infliction of mental suffering, and neglect.

  E. The report must be made whenever there is "reasonable suspicion" that child abuse occurred. "Reasonable suspicion" means that it is objectively reasonable for a person to entertain such a suspicion, based upon facts that could cause a reasonable person in a like position, drawing when appropriate on his or her training and experience, to suspect child abuse.

II. **PROCEDURE**

  A. The staff member who suspects or is told of an incident of child abuse MUST report this information directly to Child Protective Services. The staff member shall never pass the information to someone else to report. The staff member shall never assume that someone else will report, or has reported, the information, even if the minor has told you that s/he has also told another person. The Policy Statement is specific: the individual discovering or suspecting child abuse must report the information personally.

EXH E 000004

B. Facility staff shall immediately call Child Protective Services to report suspected child abuse.

C. Facility staff even if occupying the same job classifications as Child Protective Services personnel or other facility staff shall only solicit information from the minor to substantiate the suspicion of child abuse. Investigation of suspected child abuse shall be left the Child Protective Services staff members.

D. The facility staff member who is reporting the incident must fill out a "Child Abuse Report" form and cause it to be delivered to Child Protective Services.

(1) A copy of the Child Abuse Report shall be retained in the minor's facility file.

E. After placing the calls and filling out the Child Abuse Report form, reporting staff must also complete a Special Incident Report. The report shall contain:

(1) Information regarding the incident reported
(2) The date and time the report was telephoned in and the name and job title of the Child Protective Services person who took the report.
(3) Any follow-up counseling done or planned.

EXHIBIT E

# KAGMAN JUVENILE DETENTION & CORRECTIONAL FACILITY
## POLICIES AND PROCEDURES MANUAL
### SECTION VIII
### MEDICAL PROCEDURES

| | |
|---|---|
| TOPIC: SEXUAL ASSAULT | POLICY STATEMENT NO: 8.26 |
| DATE ORIGINATED: 4/03 | PAGE 1 OF 1 |
| REVISED: | |

I. **PURPOSE**

To establish procedures for staff to follow in the event of a sexual assault on a minor detained in the Kagman Juvenile Detention and Correctional Facility. To accommodate the lack of specialized training and knowledge of procedures of facility employees.

II. **POLICY**

    A. Sexual assaults raise serious medical, mental health, and criminal issues.

    B. Sexual assault examinations require the expertise of trained professional medical personnel.

    C. Any victim of sexual assault while detained in the Kagman Juvenile Detention and Correctional Facility shall be immediately transported to the Community Health Center for examination by a licensed health care provider.

III. **PROCEDURE**

    A. When any sexual assault occurs in the facility, the following must be completed by the Juvenile Correction Officer III or higher authority:

**The victim shall not be allowed to shower or otherwise clean him/herself prior to a physical examination.**

        (1) Report the incident to the Department of Public Safety and request an investigation;
            a. All reports of sexual assault shall be reported to DPS and investigated.
        (2) Notify the Community Guidance Center and ask for counseling assistance support and evaluation of the victim. **A professional mental health care provider trained in sexual assault/rape crisis intervention must accomplish this.**
        (3) Notify the emergency room at the Community Health Center and request that they conduct a medical examination for evidence of a sexual assault.
            a. The minor shall be transported in custody.
        (4) Notify the Facility Supervisor or the Director, Division of Youth Services if the Supervisor is not available.
        (5) Notify the parent/guardian of the victim.
        (6) Write a thorough Special Incident Report.

# KAGMAN JUVENILE DETENTION & CORRECTIONAL FACILITY
# POLICIES AND PROCEDURES MANUAL
SECTION IV
SECURITY PROCEDURES

| | |
|---|---|
| TOPIC: **COMMUNICATONS** | POLICY STATEMENT NO: **4.22** |
| DATE ORIGINATED: 4/03 | PAGE 1 OF 3 |
| REVISED: | |

I. **PURPOSE**

To establish ways for minors detained at the Kagman Juvenile Detention and Correctional Facility to communicate with friends, relatives and others who may not be allowed to visit.

II. **TELEPHONE POLICY**

A. A minor shall have the opportunity to telephone his/her parent, attorney and/or employer at the time s/he is admitted to the facility. *Refer to Policy Statements 7.01 Booking Process.*

B. After the initial booking calls, the minor may call his/her parent when s/he has earned enough points on the point system to "buy" a call. Staff members shall allow minors to make earned telephone calls at convenient times during Housing/Living Unit activities. Earned telephone calls shall be limited to 10 minutes. If a minor's earned telephone call is interrupted because of telephone problems or for safety and security reasons, the minor shall be allowed to place a second call at a later time to finish the authorized 10 minutes. Telephone calls shall not extend past a minor's assigned bedtime and no telephone call shall be initiated after 2200 hours.

C. A minor shall be allowed to call his/her attorney upon request during normal business hours. If a minor wants to call his/her attorney during non-business hours, the minor must have written instructions from his/her attorney to do so. The length of time of the attorney telephone call shall not be restricted. Staff shall proceed as follows:

(1) The minor shall tell staff they wish to call their attorney.
(2) Staff will dial the number provided by the minor and wait until the person answering the telephone identifies him/herself as the named attorney.
(3) Staff shall then give the telephone to the minor and shall not monitor the conversation in any manner.

## III. MAIL POLICY

A. Mail To and From Legal Counsel: Residents will be allowed to receive and send mail to their legal counsel and/or the courts without censorship. Staff is not allowed to read incoming or outgoing mail to the resident's legal counsel and/or the courts. Incoming mail form a resident's legal counsel and/or the courts will be opened in front of the resident and shaken out to ensure that no contraband is coming into the facility. Minors and staff delivering this mail shall initial the envelope after the minor has taken possession of the mail. Letters written by the resident to their legal counsel and/or the courts will be put into an envelope and sealed in front of a staff member.

B. There shall be no limitation of the volume of mail a minor may send or receive while in custody.

C. All incoming mail, other than mail from legal counsel and/or the courts shall be opened and inspected for contraband by the Juvenile Correction Officer III on duty when the mail is delivered. This mail will not necessarily be opened in front of the minor. **Kagman Juvenile Detention and Correctional Facility staff shall not read the resident's incoming and outgoing mail, unless there is <u>documented</u> reasonable belief that the resident is involved in or planning escape.**

D. Mail that is free of contraband and/or plans for escape will be given to the resident the same day it is received.

E. If contraband is seized from incoming mail, it will be returned to the sender if it is not an illegal substance (i.e. drugs). Residents will be notified if any contraband is confiscated from any incoming or outgoing mails. If contraband is discovered in outgoing mail the sender shall be subject to discipline. Residents mail can not be censored (sections deleted, crossed out or altered) by facility staff. If staff feel that a letter contains information which threatens the security or safety of the institution or public safety they may withhold mailing the letter and notify the Attorney General or the Department of Public Safety. Resident will be notified of any mail that is withheld for reasons of security or public safety.

F. All outgoing mail to persons other than legal counsel, the courts and/or parents will be put in an addressed envelope and given to facility staff unsealed. Stall will inspect the outgoing mail for contraband and/or escape plans and seal and mail the envelope.

G. Minors are not allowed to give any letter to parents, attorneys, or other visitors for mailing at any time. All mail will come and go through the Postal System.

H. Staff shall ensure that client mail is delivered to and picked up from the post office and/or central Division office once each business day.

I. The facility shall provide two envelopes and two stamps per week for each resident to send mail. Residents will have unlimited access to stamps and envelopes for mail to their legal counsel or the courts. Additional stamps and envelopes may be "purchased" using earned points.

Case 1:99-cv-00017 Document 53-5 Filed 06/18/13 Page 10 of 10
EXHIBIT E
KAGMAN JUVENILE DETENTION & CORRECTIONAL FACILITY

V. **KITES**

A. If a minor wants to communicate with his/her Probation Officer, the Facility Social Worker, an attorney or the Facility Supervisor, the minor may complete a "Kite" containing:

   (1) Minor's name
   (2) Name of the person the minor wishes to contact
   (3) Contact information (i.e. phone number, address, etc.)
   (4) Reason for the contact.

B. The minor shall give the Kite to any staff member, who shall take the Kite to the Juvenile Correction Officer III's office at the first opportunity. The Shift Supervisor shall forward the Kite to the appropriate person, or shall call that person if the minor's request indicates that the matter is urgent.

EXH E 000009

4.22 COMMUNICATIONS   3