F I L E D
Clerk
District Court
JAN 30 2014
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

**UNITED STATES OF AMERICA**,

Plaintiff,

vs.

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,** *et al.*,

Defendants.

Case No. 1:99-CV-00017

**ORDER RE: JOINT MOTION TO TERMINATE CONSENT DECREE**

This matter came on for a status conference on January 30, 2014. Jeffrey R. Murray, of the Department of Justice's Civil Rights Division, appeared by telephone for Plaintiff United States of America. Assistant Attorney General Teresita J. Sablan appeared for Defendant Commonwealth of the Northern Mariana Islands and all Commonwealth defendants. Three days prior to the status conference, the parties filed a Joint Motion to Terminate Consent Decree (ECF No. 61). At the status conference, the Court announced that it will defer ruling on the Joint Motion pending the parties' submission of a Final Report. This Order gives some background about the case and describes what the contents of the Final Report should be.

In 1999, the United States and the Commonwealth of the Northern Mariana Islands entered into a Consent Decree (ECF No. 4) to ensure that the Commonwealth's correctional and detention facilities provide adequate health and safety conditions for inmates. The Consent Decree details a series of actions that the Commonwealth agreed to undertake with respect to (1) short-term and long-term planning for the operation of such facilities, (2) fire safety, (3) sanitation, (4) medical care, and (5) security and protection of inmates from harm. The Consent Decree foresaw that the

1

Commonwealth might pursue these goals in part by constructing new facilities on Saipan to house adult and juvenile inmates, and indeed such facilities have been built. Over the past 15 years, both parties have worked together in good faith to achieve the objectives of the Consent Decree and have regularly reported their progress to the Court, most recently with regard to the provision of medical services generally and to security at the Juvenile Detention Unit. The Court is gratified by the spirit of cooperation that the parties have displayed, and applauds their efforts to bring this matter to a successful conclusion.

In considering a motion to terminate, a court must determine whether the defendant has substantially complied with the terms of the consent decree. *Jeff D. v. Otter,* 643 F.3d 278, 285 (9th Cir. 2011). To make that determination with respect to the Consent Decree in this matter, the Court needs more information than the Joint Motion provides.

For example, the Decree calls for each detention facility to have a backup generator that complies with the National Fire Protection Association Code and is capable of powering essential functions. (Consent Decree ¶ 16.) The generators are to be tested weekly and serviced regularly. (*Id.*) From the Joint Motion itself, the Court cannot determine whether, or to what extent, this provision has been complied with. The Joint Motion refers broadly to status reports filed by the Commonwealth in 2006 (ECF No. 24) and 2008 (ECF No. 31) and supplemented by more than 150 attachments addressing particular action items. But it does not pinpoint which (if any) of these attachments shows that proper backup generators had been put in place. Moreover, there are no affidavits or other documents attesting that in 2014 those same generators are still in good condition and being regularly tested and serviced. Other provisions of the Consent Decree that envision not only a short-term fix but long-term gains include (but are not limited to) maintenance of septic systems in working order (¶ 56), maintenance of a log of security checks at 15-minute

intervals in inmate housing areas (¶ 58), and establishment of a preventive maintenance protocol to ensure that food service equipment functions properly and that utensils are clean and sanitary (¶ 39). Such provisions similarly need documentation to show substantial compliance.

For these reasons, the Court ORDERS as follows:

(1) The parties shall prepare and file, **no later than April 30, 2014,** a Final Report on compliance with the Consent Decree. The Final Report should systematically address each of the provisions of the Consent Decree, describing the actions that have been taken to achieve compliance with each provision and the extent to which compliance has been achieved. Particular attention should be paid to any policies and procedures that are in place to ensure maintenance of these successes after the Consent Decree is terminated. The parties are encouraged to supplement the Final Report with affidavits by persons with knowledge, as well as other appropriate documentation. The Final Report may refer to documents and other evidence already in the record, but should give pinpoint citations to the page or paragraph where evidence of compliance with a specific provision will be found.

(2) A final hearing on the Joint Motion is set for **May 15, 2014, at 8:30 a.m.**

(3) At the status conference, the parties indicated they hope to complete the Final Report well before April 30. If they do so, they may move to advance the final hearing to an earlier date.

SO ORDERED this 30th day of January, 2014.

　　　　　　　　　　　　　　　　　/s/ Ramona V. Manglona
　　　　　　　　　　　　　　　　　Ramona V. Manglona
　　　　　　　　　　　　　　　　　Chief Judge

3